is inapplicable because the transmission of electricity is an ultrahazardous activity. *Campbell*, 85 Wn.2d 1. An ultrahazardous activity renders a party strictly liable for injuries arising therefrom due to the high risk inherent in the activity. *See New Meadows Holding Co. v. Washington Water Power Co.*, 102 Wn.2d 495, 500, 687 P.2d 212 (1984). But neither *Campbell* nor the cases cited therein stand for the proposition that the transmission of electricity is ultrahazardous, rendering a municipality strictly liable for injuries from that activity. Also, unlike the *Campbell* case, there is no evidence of any special relationship, knowledge, or notice of violations and subsequent failure to enforce a code. Dorsch's argument fails.

Dorsch's other arguments are relevant only if the public duty doctrine does not apply. Because we hold that the public duty doctrine applies, we do not address the other arguments.

Affirmed.

BRIDGEWATER and HUNT, JJ., concur.

Reconsideration denied October 30, 1998.

Review denied at 137 Wn.2d 1022 (1999).

[No. 21652-3-II.   Division Two.   August 21, 1998.]
PAUL YUAN, *Appellant*, v. RON CHOW, *Defendant*, JESS TAM, ET AL., *Respondents*.

The opinion in the above captioned case, which appeared in the advance sheets at 92 Wn. App. 137-46, has been omitted from this permanent bound volume pursuant to an order of the Court of Appeals dated June 18, 1999, directing that the opinion be withdrawn.